IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE WILLIAM BENNETT,

                Plaintiff,

v.

WILLIAM S. MIDDLETON VETERANS HOSPITAL,

                Defendant.

OPINION and ORDER

19-cv-254-jdp

---

Pro se plaintiff George William Bennett filed this lawsuit as a small claims action in the Circuit Court for Dane County. He alleges in his complaint that when his father died at defendant William S. Middleton Veterans Hospital (VA Hospital) in Madison, Wisconsin, he was unable to remove two gold rings valued at $450 from his father's fingers. Hospital staff have since told Bennett that the rings were "lost." Bennett seeks $944.50 in damages, which includes $400 in attorney's fees and $94.50 for his time.

On April 2, 2019, the VA Hospital removed the case to federal court under 28 U.S.C. § 1442(a)(1), which permits removal of any action filed in state court against the United States, any federal agency, or any federal officer for acts performed in the scope of their employment. The VA Hospital has filed a motion to dismiss, Dkt. 3, arguing that Bennett's case should be dismissed for two reasons.

First, defendant argues that Bennett cannot sue the VA Hospital because his claim falls under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679, which only permits suits against the United States. Under the FTCA, "the United States shall be liable . . . to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The VA Hospital is correct. It is not clear from Bennett's allegations whether

he thinks that VA Hospital staff lost his father's rings through negligent actions or whether he thinks they intentionally took his father's rings. But if Bennett thinks the hospital acted negligently or intentionally converted the rings, his claim must be brought under the FTCA. The FTCA is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment. *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (citing 28 U.S.C. § 2679(b)(1)). Additionally, although some intentional tort claims against government employees fall outside of the scope of the FTCA under § 2680(h), other intentional torts, including conversion, must be brought under the FTCA. *Levin v. United States*, 568 U.S. 503, 507 (2013).

If Bennett's only error was naming the VA Hospital, instead of the United States, as a defendant, the United States could be substituted as the proper defendant and this case could proceed. But the VA Hospital has identified another problem with Bennett's complaint.

The second problem is that Bennett has failed to allege that he is authorized to sue to recover his deceased father's property. Under Rule 17 of the Federal Rules of Civil Procedure, lawsuits must be brought by the "real party in interest." This means that a complaint can be brought only "in the name of the party to whom that claim 'belongs' or the party who, 'according to the governing substantive law, is entitled to enforce the right.'" *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008) (citations omitted). For a claim concerning personal property, like the claim here, the real party in interest would be the person who owned the property, or if that person is deceased, the personal representative, inheritor, or executor of the deceased person's estate. *See* Fed. R. Civ. P. 17(a)(1). Because Bennett has not alleged that he owned the missing rings or that he otherwise has authority to sue to recover the rings on behalf of his father's estate, he has failed to state a viable claim to recover the value of the

rings. *See Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007) (stating that because plaintiff was not his mother's guardian, he was "not authorized to sue on her behalf"); *Scully v. Goldenson*, 751 F. App'x 905, 908 (7th Cir. 2018) (because plaintiffs had not alleged that they were their mother's guardian or executors of her estate, they were "not the real parties in interest" who could sue for claims against caretakers at medical facility that allegedly abused their mother).

Because Bennett has failed to name the proper defendant and has failed to allege facts suggesting that he has the authority to sue to recover for his father's rings, I will dismiss Bennett's complaint. But both of the problems with Bennett's complaint can be fixed, so the dismissal will be without prejudice. If Bennett files an amended complaint by the deadline set forth below that names the United States as defendant and clarifies why he thinks he has the authority to sue to recover the rings, this case will proceed. If Bennett fails to file an amended complaint by the deadline, the case will be closed.

ORDER

IT IS ORDERED that:

1. Defendant William S. Middleton Veterans Hospital's motion to dismiss, Dkt. 3, is GRANTED. Plaintiff George William Bennett's complaint is DISMISSED without prejudice.

2. Plaintiff may have until July 29, 2019 to file an amended complaint that (a) names the United States as a defendant and (b) alleges facts showing that he has the authority to sue to recover property belonging to his deceased father.

3. If plaintiff fails to file an amended complaint by July 29, 2019, the clerk of court is directed to enter judgment for defendant and close this case.

Entered July 15, 2019.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge